JULY 27, 2005
ZAINEY, J.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: SCHWEGMANN WESTSIDE                    CIVIL ACTION
EXPRESSWAY, INC.                              NO. 05-0029
                                             SECTION "A"(4)

CHAPTER 11                                    BANKRUPTCY
DEBTOR                                        NO. 00-11040 "B"

## ORDER AND REASONS

Before this Court is a bankruptcy appeal, which was filed by debtor/appellants Diane B.

Marks and William R. Burge as Trustees of the Schwegmann Family Trust No. 2.  Appellants

contest an order issued by the Bankruptcy Court granting the relief requested by Steventon

Parsonage, L.L.C., L.M.J. Properties, L.L.C., and Two Gause, LLC, appellees herein.  For the

reasons that follow, the Order of the Bankruptcy Court is AFFIRMED.  Additionally,

debtor/appellants have also filed a **Motion for Stay Pending Appeal (Rec. Doc. 5)**, which is

opposed by appellees.  This motion is DENIED as moot.

## STANDARD OF REVIEW

Appeals from decisions of bankruptcy courts lie with the district court.  *In re: Moody*, 41

F. 3d 1024 (5th Cir. 1995).  "Findings of fact, whether based on oral or documentary evidence,

shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity

of the Bankruptcy Court to judge the credibility of the witnesses." *Matter of Webb*, 954 F.2d

1102, 1103-04 (5th Cir. 1992). A district court, however, must independently determine the

correctness of the ultimate legal conclusion adopted by the bankruptcy judge on the basis of the

facts found. *Matter of Hammons,* 614 F.2d 399 (5th Cir. 1980).

<u>FACTUAL BACKGROUND</u>

In the 1990's, Schwegmann Westside Expressway, Inc. (hereinafter "Schwegmann")

owned three parcels of property located in Slidell, Louisiana. In 1990, Schwegmann developed

the two smaller parcels and leased them to KFC Management Company (hereinafter "KFC") and

Burger King Corporation (hereinafter "Burger King"). These parcels are referred to as "Parcel

2" and "Parcel 3," respectively. Subsequently, in 1993, Schwegmann mortgaged the largest

parcel of land (hereinafter referred to as "Parcel 1") to a bank group led by Wells Fargo

(hereinafter referred to as "Wells Fargo"). The Mortgage Security Agreement between

Schwegmann and Wells Fargo only encumbered Parcel 1; it did not encompass Parcels 2 or 3.

Shortly thereafter, in May 1994, Schwegmann transferred ownership of Parcels 2 and 3 to

Schwegmann Family Trust No. 2 (hereinafter referred to as "Schwegmann Trust"). Shortly

before effecting the May 1994 transfer, Schwegmann executed an "Act of Establishment of

Predial Servitudes and Building Restrictions" (hereinafter referred to as "Building Restrictions").

The Building Restrictions were recorded in St. Tammany's conveyance records in May 1994 and

were applicable to Parcels 1, 2, and 3. It is important to note that the Building Restrictions were

executed in 1994, a year after the Mortgage Security Agreement was executed between Schwegmann and Wells Fargo.

In February 2000, Schwegmann filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Bankruptcy Code.  In October 2001, the Bankruptcy Court confirmed Schwegmann's Third Amended Plan, which included the Second Material Modification thereto (the Plan and all amendments and modifications are collectively hereinafter referred to as the "Plan").  Three months later, in December 2001, Wells Fargo filed a Motion for Ex Parte Order in Aid of Consummation of Plan (to sell Slidell Store, or Parcel 1).  This motion was granted by the Bankruptcy Court in February 2002.  Pursuant to the Plan and subsequent Order in Consummation, title to Schwegmann's property, referred to as the Slidell Store or Parcel 1, was transferred from Schwegmann to Well Fargo's designee, Steventon Parsonage, LLC (hereinafter referred to as "Steventon").  Steventon subsequently sold Parcel 1 to LMJ Properties, LLC (hereinafter referred to as LMJ Properties), which then conveyed a portion of the property to Two Gause, LLC (hereinafter referred to as "Two Gause").

<u>PROCEDURAL BACKGROUND</u>

At issue in the present matter is the establishment of the Building Restrictions running between the property transferred to the Schwegmann Trust (Parcels 2 and 3) and the tract retained by Schwegmann (Parcel 1) and whether the restrictions should have been cancelled in February 2002 as part of a bankruptcy court order transferring the Slidell Store (Parcel 1) to Steventon free and clear of all liens and encumbrances subordinate to the Mortgage Agreement. As part of Well Fargo's Motion for Ex Parte Order in Aid of Consummation of Plan (to Sell Slidell Store), the creditors prayed, in pertinent part, that:

3

> An ex parte order should be entered authorizing and directing that the Clerk of Court in and for the Parish of St. Tammany be ordered to partially cancel and erase from the records of her office the ten (10) inscriptions encumbering the property described on Exhibit "A" hereto, and no further. . .

The bankruptcy court issued an order that clearly adopted the Creditors' request:

> IT IS HEREBY ORDERED that the Clerk of Court in and for the Parish of St. Tammany, Louisiana, be and she is hereby ordered to partially cancel and erase from the records of her office the ten (10) criteria inscriptions encumbering the property described on Exhibit "A" hereto, and no further. . .

The creditors, however, were unaware that Schwegmann had recorded the building restrictions and a search of the St. Tammany Parish Clerk of Court's mortgage records failed to uncover the encumbrance.  Accordingly, the building restrictions survived the cancellation of the other subordinate encumbrances.  Once aware of the oversight, the creditors filed a Motion for Supplemental and Amended Order requesting cancellation of an encumbrance against the Slidell Store property (e.g., Parcel 1).  After a trial on the merits, the Bankruptcy Court granted the relief requested.  The Schwegmann Family Trust appeals this order.

## LAW AND ANALYSIS

To fully understand the dispute, it is necessary to consider several provisions of the Mortgage Security Agreement (*i.e.*, the Parcel 1 mortgage agreement between Schwegmann and Wells Fargo).  First, Section 2.11 of the mortgage provides:

> Ancillary Agreements.  In connection with the development and operation of the Mortgaged Property the Mortgagor is entitled to enter into one or more Ancillary Agreements with any present or future tenant under a Tenant Lease or with any owner or lessee of any property that becomes an Outparcel.  As used herein, the term 'Ancillary Agreements' shall mean any of the following: common use agreements, reciprocal use agreements, easements, servitudes and right of use.  Upon written request of the Mortgator, the Mortgagee shall deliver to any party an Ancillary Agreement an SNDA.

4

The SNDA (Subordination, Non-Disturbance, and Attornment Agreement) was included as Exhibit D to the mortgage.  Section 1 of the SNDA provides:

> Subordination.  Tenant agrees that the Lease and all of the terms, covenants and provisions thereof, and all rights, remedies and options of Tenant thereunder are and *shall at all times continue to be subject and subordinate in all respects to the Mortgage*, to the lien thereof, to all modification and extension thereof and to the Bonds and all other sums secured thereby.

Emphasis added.  Appellees (collectively Two Gause, LMJ Properties, and Steventon) argue that the restrictions filed in this case are not the type of ancillary agreements contemplated or allowed by the mortgage because they do not meet the criteria of Section 2.11 of the mortgage. Appellees convincingly argue that the building restrictions are not a bilateral act, that Schwegmann Trust is not a protected party or beneficiary to the mortgage, and that Parcels 2 and 3 do not qualify as Outparcels under the terms of the mortgage.  *See* Appellee's Brief, pp. 11-15.

Finally, Appellees note that Schwegmann had no right to execute any ancillary agreement except as provided under the terms of the mortgage.  Specifically, Appellees note that the negative covenants to the mortgage prohibit the recordation of any lien or encumbrance against Parcel 1, except for those qualifying as ancillary agreements.  Schwegmann Trust, the appellant, admits that the building restrictions in dispute do not technically meet the requirements of Section 2.11, but urge this Court to find that the building restrictions were a valid embodiment of the will of the parties.

Schwegmann Trust incorrectly claims that the crucial question before this Court is the authority of Schwegmann to convey Parcels 2 and 3 to the Trust, while placing servitudes and building restrictions on Parcel 1.  The more pertinent question is whether the Bankruptcy Court

5

improperly determined that its failure to previously order the clerk of court to strike the building restrictions was inadvertent.

The Bankruptcy Court found it significant that St. Tammany Parish does not use conveyance certificates and because the Building Restrictions were recorded in the conveyance records they were not known to Wells Fargo at the time of the Bankruptcy Court's Order instructing the Clerk of Court to strike the encumbrances was issued.  Notably, the Bankruptcy Court clearly stated the following in its reasons:

> When this Court instructed the Clerk of Court in and for the Parish of St. Tammany to erase the enumerated inscriptions, it was under the impression that it was erasing all encumbrances to the property.

Reasons for Order, p. 4.  The Bankruptcy Court expressly considered and rejected the Appellants argument that the language in the court's order instructing the clerk to "partially cancel and erase" ten enumerated inscriptions "and no further" purposely limited the cancellation to only those interpretations.  Notably, the court found the determinative language in the order to be the following "title to the Slidell store be transferred free and clear, by the Debtor to Wells Fargo."

The Schwegmann Family Trust, understandably, challenges such broad language and notes that there were ten other encumbrances in addition to the Building Restrictions that survived the Bankruptcy Court's order that allegedly transferred the Slidell Store to Wells Fargo "free and clear."  Nonetheless, a review of these other encumbrances reveals that the other surviving encumbrances existed prior to the Mortgage entered into between Schwegmann and Wells Fargo (*i.e.*, utility servitudes, etc.), or were listed as exceptions to the Mortgage agreement (*i.e.*, lease agreements with KFC, etc.).  Nonetheless, Appellants argue that the Bankruptcy Court's order granting the requested subsequent relief renders language contained in the original

order to the clerk of court invalid or meaningless.  Specifically, Appellants cite the following language: "is hereby ordered to partially cancel and erase from records of her office the ten (10) certain restrictions encumbering the property described in Exhibit "A" hereto, and no further. . ." Notwithstanding the Bankruptcy Court's finding that it found the "free and clear" language to supersede the language cited by Appellants, this Court finds Appellees argument persuasive: "Contrary to Trustees' assertions, the phrase 'and no further' is a reference to effect the cancellation of the inscriptions only as they may relate to the Slidell Store, not, as Trustees' contend, an indication that no other inscriptions may be cancelled."

Specifically, the Court agrees with the Bankruptcy Court that the failure to include the Building Restrictions in the Order was inadvertent.  Nonetheless, the Court notes that the Bankruptcy Court's language was not precise.  Specifically, instead of noting that the Slidell Store was transferred to Wells Fargo "free and clear," it would have been appropriate to note that the Slidell Store was transferred "free and clear of all subsequent encumbrances not expressly provided for in the Mortgage Security Agreement."  Such a finding would have more effectively communicated the intent of the court.

As this Court finds that the Bankruptcy Court's finding that its failure to originally cancel the Building Restrictions as they pertained to Parcel 1 was inadvertent and was a correct and proper decision, it is not necessary to address the remainder of Appellants arguments.   It should be noted, however, that the Court has reviewed the arguments of counsel for both parties and the Bankruptcy Court's Order and, with the exception of the admission of expert testimony, finds the arguments of the Schwegmann Trust completely without merit.

Accordingly, the decision of the Bankruptcy Court is AFFIRMED and Appellant's

**Motion for Stay Pending Appeal (Rec. Doc. 5)** is DENIED.

* * * * * * *

8